Two principal points arise out of the facts found by the jury in this case: — one as to the parcels claimed by the demandant under Bradstreet’s deed to him; the other as to the parcel which the demandant claims under Nason’s deed.
*41 As to the first, nothing passed by Bradstreet’s deed. The partition made by the joint-tenants, by parole, is void, as within the statute of frauds; and, notwithstanding their subsequent several occupancy, they remained jointly seised in fee simple, as they are to be considered as having the legal estate against all persons but the mortgagee. And one joint-tenant cannot convey a part of the land, by metes and bounds, to a stranger. (b) If he could, his grantee would * become tenant in common of a particular part with- the other joint-tenant, who, in making a legal partition, might, notwithstanding, have the whole of the part, thus conveyed, assigned as his purparty. The entry of the demandant, under Bradstreet’s deed, gave him no seisin, but he was a mere several occupant. Nor can he be considered as a disseisor of Bradstreet, as he entered by his consent; and he could not be a disseisor of Nason, for one joint-tenant cannot be disseised by a stranger of any particular part, unless all the joint-tenants are disseised, (c) From the verdict, therefore, it does not appear that the demandant was ever seised of the parcels described in Bradstreet’s deed — consequently Pitts did not disseise him, and he cannot recover his seisin in this action. His remedy must be against Bradstreet, on his covenants.
The like difficulty meets the demandant on the second point. His conveyance from Nason is of a particular part by metes and bounds, before partition was made between the joint-tenants. But it is said for the demandant, that as Nason afterwards redeemed the mortgage, by satisfying the judgment, he and all those claiming under him are estopped from denying that an estate in fee passed by his deed. What might have been the force of this observation, if the demandant had not recovered judgment against Nason for the breach of his warranty, and obtained satisfaction, it is now unnecessary to decide.
When a warrantee in warrantia chartee recovers, and has seisin of other lands of the warrantor to the value, he cannot afterwards recover of the warrantor the lands warranted. For although the warrantor cannot aver against his own deed, yet the warrantee may aver against that deed ; and if his averments are verified by matter of record, the warrantor may afterwards avail himself of that record *42 against the warrantee, the record being of a higher nature than a deed, (d)
If, therefore, the demandant had, after his judgment and satisfaction, sued Nason for the land, the latter might have * defended himself by showing that judgment, which had falsified his deed. And as the demandant could not recover the land against Nason, after he had redeemed the mortgage, (e) so he cannot recover against any persons who claim under Nason, and are thus privies in estate to that judgment. The tenant is entitled to judgment on the verdict.

Costs for the tenant.

 [Such a conveyance has been held to be valid and effectual against the grantor, and all claiming under him. — Varnum vs. Abbot & Al., 12 Mass. Rep. 474. — Bartlett vs. Harlow, 12 Mass. Rep. 348. — Baldwin vs. Whiting, 13 Mass. Rep. 57. — Rising vs. Stannard, 17 Mass. Rep. 202. — Ed.]

 [In Porter vs. Perkins & Al. (5 Mass. Rep. 236,) which was ejectment by the same plaintiff against tenants claiming through the same grantor, it was held by the Court that the plaintiff gained a seisin so as to support a writ of entry, and that nothing passed by the release from Bradstreet to Nason. — Ed.]

 [Stinson vs Sumner, post, 143. — Ed.]

c) [It does not appear that the mortgage had been legally discharged. The case only finds that the judgment for the mortgage debt had been discharged. It would seem, from the opinion of the Court in Parsons vs. Wells, (17 Mass. Rep. 419,) that the mortgage was not thereby ipso facto discharged. Although, in Porter vs. Perkins & Al., (5 Mass. Rep. 233,) an action by the same plaintiff against tenants claiming under the same grantor, it was treated_as being entirely discharged; and the Court said that u therefore it might be laid out of the case, as if never made.” Still, however, in Perkins & Al. vs. Pitts, (11 Mass. Rep. 125,) an action by the same defendants against the same grantor, it is regarded by the Court as a subsisting mortgage, and the case seemed tn turn nrincipally upon that point. — Ed.]