### BENJAMIN FRENCH ET AL. *versus* JAMES LUND ET AL.

An execution against one holding land as a tenant in common, cannot be ex-
tended on a part of the land so holden, by metes and bounds.

THIS was a writ of entry, in which the plaintiffs demand-
ed possession of an undivided moiety of a tract of land in
*Litchfield,* and counted on their own seizen within twenty
years, and a disseizen by the defendants.   The cause was
tried in this county at April term, 1816, when a verdict was
taken for the demandants by consent, subject to the opinion
of the court upon the following facts :

On 1st April, 1811, one *Samuel Chase* was seized of a
farm in *Litchfield,* of which the land described in the demand-
ants' writ is part, and by deed of that date conveyed an un-
divided moiety of the farm to one *Simeon Chase,* jun., and
leased at the same time by another deed the other moiety to
said *Simeon,* during the life of said *Samuel.*   On the 12th
January, 1813, the plaintiffs attached an undivided moiety of
said farm as the property of *Simeon Chase,* jun., and on the
7th October, 1813, extended their execution upon an undivid-
ed moiety of the demanded premises, which is a part of said
farm, set off by metes and bounds.   *Simeon Chase,* jun., by
deed, February 16, 1813, conveyed to the defendant, *Lund,*
all his interest in said farm, and *Samuel Chase,* by deed,
June 10, 1814, conveyed to *Lund* his interest in the moiety
of the lands ; and it was agreed, if the court should be of

opinion that the plaintiffs could hold the land under their said extent, that judgment should be entered on the verdict; otherwise, that the verdict should be set aside, and the plaintiff become nonsuit.

French & al.
*vs.*
Lund & al.

*Parker,* for the plaintiffs.

*Woodbury,* for the tenants.

The opinion of the court was delivered by

RICHARDSON, C. J. On the 12th January, 1813, when the plaintiffs attached a moiety of the farm as *S. C.,* junior's, property, *S. C.,* jun., was seized of a moiety in fee, and had a freehold in the other moiety. As only a moiety was attached, the other moiety passed to the defendant by the deed of February 16, 1813; and as respects the plaintiffs, the defendants must be considered at the time of the extent as tenants in cammon with *Simeon Chase,* jun. But an execution against one holding lands as a tenant in common cannot be extended on a part of the land so holden, by metes and bounds. 9 *Mass. Rep.* 34, *Porter* vs. *Hill.*—12 *Mass. Rep.* 348, *Bartlett* vs. *Harlow.*

But it is said *Simeon Chase,* jun., and those claiming under him, are estopped to make this objection, and 12 *Mass. Rep.* 474, *Varnum* vs. *Fox,* is cited. We are not disposed to call in question the correctness of that decision, but we apprehend it cannot apply to the present case. Because this objection did not exist when the defendant bought of *Simeon Chase,* jun., and because the objection is not now, that the extent was made to the prejudice of *Simeon Chase,* jun., but to the prejudice of the defendants themselves. Had the extent been made previous to the conveyance by *Simeon Chase,* jun., to the defendants, the defendants would have been estopped. The verdict must be set aside and the plaintiffs called.                    *Plaintiffs nonsuit.*