## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# HANCOCK.

### JUNE TERM,

### 1822.

---

### WINSLOW v. GRINDAL.

The grantee of land is not bound by a judgment in a suit commenced *after* such grant, by his own grantor, against *his* immediate grantor, upon the covenants in his deed.

ENTRY SUR DISSEISIN. The demandant proved that as early as the year 1770, his son *David Winslow* entered into the demanded premises claiming them as his own ; but that at the commencement of the war of the Revolution he left this part of the country, and was supposed soon after to have died, unmarried, never having been heard from. Upon his leaving the premises, the demandant entered and made improvements, claiming the land as his own, till *July* 16, 1788, when he sold and conveyed the premises, with warranty, to *Samuel Fairfield.* *Fairfield* afterward sued the demandant upon his covenants of seisin, right to sell, and freedom from incumbrances, as contained in the deed of conveyance; in which action the demandant's seisin at the time of the conveyance being put in issue, the jury found that the demandant was not seised of the premises as he had covenanted in his deed ; and judgment was thereupon rendered against him for $177,75 damages, at *June* term, 1801.

The tenant derived his title, by several mesne conveyances under which the respective grantees entered, from the same

Samuel Fairfield, who sold the land to one Andrew Herrick, July 27, 1789.

A verdict was taken for the demandant, subject to the opinion of the Court upon the foregoing facts.

Abbot, for the demandant.

The title of the demandant is admitted to be good, unless it was conveyed by his deed to Fairfield. But the judgment recovered by Fairfield against him on the covenant of seisin, shews that Winslow was not seised when he undertook to convey, and of course nothing passed by the deed. Porter v. Hill, 9 Mass. 34. The tenant, being privy in estate, is estopped to deny the fact found by that judgment. The deed, therefore, of Winslow to Fairfield may be laid out of the case ; and then the title of the tenant wholly fails, and that of the demandant is unimpeached.

Orr and Wilson, for the tenant.

If Winslow was not seised of the land at the time of the conveyance to Fairfield, then there was no privity between them ; and the judgment produced in evidence is nothing to Fairfield's grantees. It only proves that Winslow was not the owner of the land.

Whoever the true owner may be, he was disseised by the deed from Fairfield to Herrick in 1789.

But the judgment against Winslow is not conclusive on the tenant on another ground ;—it was obtained long after the deed was made by Fairfield to Herrick, and without notice to the tenant. It could not have bound any but those who were parties to the record.

The cause having been continued under advisement from June term, 1821, when the argument was had, the opinion of the Court was now delivered as follows, by

Preble J. If Fairfield had continued in possession of the demanded premises, and were tenant in this action, there would be no doubt of Winslow's right to recover. In such a case the demandant would no longer be estopped to deny that any thing passed by his deed to Fairfield, whereas Fairfield having al-

ready recovered a full indemnity in his action for covenant broken would be estopped by the record from claiming any thing under his deed. *Porter v. Hill,* 9 *Mass.* 34. And the same rule would apply to all persons claiming title in the demanded premises under *Fairfield,* whether mediately or immediately *derived from him subsequently* to such recovery. But in the case at bar, the demandant having been in quiet possession for more than twelve years, claiming and improving them as his own, conveyed the demanded premises by deed to *Fairfield.* *Fairfield* thereupon entered under his deed, and continued to hold and occupy for about a year, and without having been evicted, ousted or disturbed in his possession, conveyed the premises to *Andrew Herrick.* *Herrick* accordingly entered and continued to occupy and improve, unmolested and undisturbed, until he conveyed the premises in 1811 to *Alexander.* Now whatever right *Winslow* had, passed to *Fairfield;* and whatever he had, passed to *Herrick.* It is one of the first principles of the law, founded in the plainest common sense, that where a man has granted an unconditional estate to another, it is not in his power, without the concurrence of his grantee, to resume or defeat the estate thus granted. It was not competent for *Fairfield,* ten or more years after he had conveyed away an estate, merely by his own act to defeat that conveyance. *Herrick's* right cannot be affected by the proceedings in the action brought by *Fairfield* against *Winslow,* to which *Herrick* was not a party or privy, and by which of course he is not bound. Whatever estate *Herrick* therefore derived from *Fairfield,* passed to *Alexander,* and from him to the tenant. The verdict must be set aside; and according to the agreement of parties the demandant must be called.