Opinion of the court, by
Judge Hitchcock :
It is well settled that where one joint tenant, or tenant in common, has ejected, or withheld the possession from his co-tenant, the person so ejected or held out of possession, *may maintain his ejectment against the ejector or person in possession. To determine the case under consideration, then, it is only necessary to ascertain whether the lessor of the plaintiff took anything under the three several deeds referred to in the agreed case, or, in other words, whether he had any interest in the premises in dispute. The grantors were three of the heirs of the deceased wife of John Sayre, Jr. By the death of their sister, the interest in the one hundred and fifty-five acres of land was vested in them and their brothers and sisters as coparceners, or tenants in common. It is *102 to be observed, that when these deeds were executed, partition had been made of the one hundred and fifty acres of land, by judgment of the court of common pleas, in pursuance of the statute in such ease made and provided. The three parcels which were conveyed to White had been, by this judgment, aparted and set off to the grantors in severalty. Under the then existing circumstances, they conveyed nothing more than they had a legal right to convey. So long as this judgment r'emained in force, the title of the lessor of the plaintiff to the' lands to him conveyed, was perfect. This judgment, however, was subsequently reversed; and it is necessary to ascertain how far the deeds, which were before operative, were affected by this reversal. That the reversal must in part, at least, defeat the operation or validity of those deeds, there can be no doubt. The judgment being reversed, the parties in interest could be no more affected by it than if no judgment had been rendered. Under these circumstances, the decision of this case must depend upon the solution of these several questions: 1. Can one of two or more joint tenants, coparceners, or tenants in common, convey his interest in the estate thus held? 2. If ho can convey his interest or estate in the whole property thus held, can he convey it in a fart merely? 3. Is a deed, or grant, which purports to convey an estate in severalty, when the grantor has, in fact, only an estate in joint tenancy, coparcenary, or in common, void; or does it convey the whole interest of the grantor in the premises purporting to be conveyed ?
1. Can one of two or more joint tenants, coparceners, *or tenants in common, convey his interest in the estate thus held?
This is a question about which it is presumed there can be no dispute. Such conveyances are frequently made, and their validity is not questioned. In fact, this is one of the most common modes resorted to for destroying a joint tenancy. One joint tenant aliens and conveys his estate to a third person, by which means the joint tenancy is severed and turned into a tenancy in common.
2. If one joint tenant, etc., can convey his interost or estate in the whole property thus held, can he convey it in a part merely?
The determination of this question is attended with considerable difficulty. This difficulty, however, arises, not so much from any apparent inconsistency, or impropriety in such grant, as from a possible inconvenience which might result to the tenant who retains his estate. One tenant in common may grant his entire in *103 terest or estate in a particular species of property, a tract of land for instance,- or he may grant one-half as a smaller proportion of his interest in the same entire property. If this be correct, no good reason is perceived why he may not grant his entire interest in a particular part. A. and B. are seized of a section of land as tenants in common. It is well established, that A. may grant his entire interest, or estate, in the section, and the conveyance will be valid. Upon what principle, then, can it be said, that if he convey his entire interest in a particular quarter of such section, such conveyance shall be void? Certainly A. and B. tenants in common, as aforesaid, might with propriety unite and convey a particular quarter ot the section, and a complete title in the grantee would be vested. Would not the title of the grantee be equally valid, if the tenants in common should by separate deeds convey to him their individual interest in that particular quarter? This question, it is believed, must be answered in the affirmative, and if so, it proves conclusively that one tenant in common may transfer to a third person his entire interest in a part of the property held in common. Otherwise we run into this absurdity, that a deed properly executed, by one individual, which is an entire thing, and ^purports to convey a specific property, must depend for its validity upon the execution of a similar instrument by a third person, who is in no way party to the first. The principal reason assigned why one tenant in common shall not be allowed to convey, as before stated, is, that by so doing, he may do a great injury to his co-tenant, by compelling him in case of partition, to take his proportion of the estate in small parcels, very much to his disadvantage. ■ If such evils would result, they ought if possible to be avoided. It does not follow, however, that because one of two tenants in common can convey his estate in a part of the property so held, therefore the rights of his co-tenant are affected. This co-tenant will still have the same interest in every part, and in the whole of the property. He can still compel partition, and may have his share of the property set off to him in severalty, in the same manner he could have done had no conveyance been made. Such, at least, as at -present advised, is the opinion of the court, and if in this we are mistaken, the objection is not of sufficient force to induce us to adopt any other principle, as applicable to this case, than as before stated.
*104 3. Is a deed, or grant, which purports to convey an estate in severalty, when the grantor has in fact only an estate in joint tenancy, coparcenary, or' in common, void; or does it convey the whole interest of the grantor in the premises purporting to be conveyed ?
Every deed is to be so construed as, if possible, to give effect to the intention of the parties. It is to be construed most strongly against the grantor. If the intention of the parties, apparent upon the face of the instrument, can not be carried into effect, this object should be attained as far as is possible. Taking these principles into consideration, and adopting them as correct, it follows, that where an individual undertakes to convey to another a greater interest in the thing conveyed than what he possesses, the grantee may take that which was in his grantor. A. conveys to B. one hundred acres of land by metes and bounds. It is afterward ascertained that C. has title to fifty of the one hundred acres included within the boundaries. Will it be said that B. can take nothing by this deed ? On the contrary, *all the lands within the prescribed boundaries, to which A. had title, are, by the conveyance, vested in B. So far as the deed can have effect, so far it ought. The circumstance that the grantor has attempted to convey more land than he was possessed of, shall not prevent the deed from conveying that of which he was possessed. Upon the same principle, if A. and C. had been tenants in common of the same one hundred acres of land, and A. had attempted to convey the whole in severalty to B. so far as A. had any interest, that interest would, by the conveyance, have been vested in B. Thus far the deed would take effect. Under it B. would become tenant in common with C. in the same manner he would have done had the conveyance from A. been for an undivided moiety of the land.
These principles being applied to the case under consideration, it will be seen that the grantors of the lessor of the plaintiff, although they had not a several estate in the parcels of land by them to him conveyed, yet had an interest as coparceners, or tenants in common with others. That by the deeds of conveyance, this interest, whatever it might be, was vested in the lessor of the plaintiff; and he being kept out of possession by the defendants, the action is well brought, and the plaintiff is entitled to a judgment. Let judgment, therefore, be entered accordingly.