Whyte, J.
delivered the opinion of the court.
The question presented upon this record for the opinion of the court, is, whether one tenant in common, can convey his interest in a particular specified part of the subject held by the tenancy in common, or in other words, whether one tenant in common can convey his interest in a particular spot of the land, designated by metes and bounds; which spot forms only a part of the land held by the tenancy in common.
No case from the English common law writers has been adduced by the counsel in argument on either side of this question, that has any direct bearing on the question, and the court has not been more fortunate in their research into the books to which this place has afforded them access. Upon looking into Littleton, Coke and Gilbert, nothing, if any thing, is obtained that maybe said to be properly appertaining to the point. In them, are numerous cases of conveyances by joint tenants; but they are mostly in transfers of different portions or parts of the interest or estate of the tenancy, not of any portion or part of the subject matter, or land specifically designated in location. But upon this question, which is entirely new to us, being now presented to the courts of this State for the first time, although nothing authoritative has been found in the English common law decisions, to lead us to a satisfactory conclusion; yet we are relieved upon looking into the decisions of this union, where we find that the question has been raised and decided upon common law principles.
The supreme courts of the States of Massachusetts and Connecticut, have both acted on the very point now before us, in two cases in the former state, and in four cases in the latter state. In Massachusetts, in the case *494 of Porter vs. Hill, the supreme judicial court has decided, that one joint tenant cannot convey a part of the land by metes and bounds to a stranger. See the case 9 Mass. Rep. 34. So in the same state and same court, in the case of Bartlett vs. Harlow, it is decided, that an execution against one holding lands in joint tenancy, or tenancy in common, cannot be extended on a part of the lands so holden by metes and bounds. See the case in 12 Mass. Rep. 342. In this last case, the judges have gone into an examination of the question at considerable length; in doing so, they have taken a review of the English books treating of joint tenancy and tenancy in common, and in their remarks some passages are cited from them and commented upon, but they are by that court considered too indefinite in their import, and too doubtful as to their intended application, to be claimed as authorities on the one side or the other of the question before them. They are therefore dismissed by them as being entitled to very little consideration, especially it is said, where they appear to be in any degree inconsistent with the general principles of law applicable to the subject. That court further adds, amongst other reasons for its judgment, “that it would in many cases tend to the prejudice, and even to the destruction of interest of the co-tenants, if the other might convey to a stranger his moiety in several distinct parcels of the land. The owner of a moieiy of a farm thus circumstanced, instead of one piece of land conveniently situated for cultivation, would on a partition be compelled .to take perhaps ten or twenty different parcels interspersed over the whole tract, and separated by the parts allotted to the several grantees. Suppose that two men had jointly, or in common, land in a town sufficient only for two house lots, and that one of them could Gonvey to ten persons his share in as many different portions of the land, or that so many executions could be thus 3e-vied on his share, the other original co-tenant would, on *495 a partition, be compelled to take ten different lots or parcels not adjoining to each other, and each too small for any useful purpose, instead of one house lot, to which he was originally entitled, as against the grantor.
They further say, that this restraint, by which one co-tenant is prevented from conveying distinct portions of the lands, is a necessary incident to the estate; that as each was originally entitled to one moiety for quantity and quality, to be assigned to him by commissioners, or by a jury in due course of law, neither of them shall by his own act, control the commissioners or jurors, and prevent their assigning to his companion such portion, and in such manner, as they in the exercise of a sound discretion, would have thought just and proper. As the co-tenant had not originally any such right or authority in himself, to control the proceedings on a partition, so neither can he transfer such a right to any assignee or grantees of his share. Of the four cases above mentioned, decided in the supreme court of errors of the State of Connecticut, this court has at this place only had access to the latest one of them, Griswold vs. Johnson, decided in the year 1824; in which case, however, the other three cases are referred to, and recognised by the Chief Justice in delivering the opinion. Griswold vs. Johnson, was an action of ejectment tried at New London, October term 1823, before Peters, Judge.—The judge instructed the jury, “that the deed, as it embraced but a part of the common estate describing it by metes and bounds, was void, and conveyed no estate whatever to the plaintiff.” The jury found a verdict for the defendant, and the plaintiff moved for a new trial, for a misdirection. Plumer, Chief Justice, delivered the opinion. The last sentences of it, containing the result, will only be cited, omitting the reasons, as he has referred to the cases from Massachusetts above noticed, with others, as supporting the opinion he has delivered. He says, “the deed of this common estate by metes and *496 bounds, the one tenant in common thus attempting to make a partition of the property without any co-operation of the other, is undoubtedly void. The point is at rest, and not to be questioned. Plinmon vs. Heavenworth, 2 Con. Rep. 244. Starrs vs. Heavett, 2 Ccn. Rep. 243. Mitchell vs. Plaren, 4 Con. Rep. 495. Bartlett vs. Harlow, 12 Mass. Rep. 342. Porter vs. Hill, 9 Mass. Rep. 34. The determination of the judge below was correct, and no new trial is to be granted.” Peters, Brainard and Bristol, Justices, were of the same opinion. Let the judgment of the circuit court be reversed, and this cause be remanded for a new trial, on which the judge will charge the law as held in this opinion. Judgment reversed.