BARNABAS BLOSSOM *et al. versus* GEORGE BRIGHT-
MAN *et al.*

A levy of execution on the undivided interest of a tenant in common in a part of the land held in common, is invalid.

PETITION for partition of two tracts of land situate in the town of Fall River. Trial before *Shaw* C. J.

The petitioners alleged that they were seised and possessed of two undivided fifths of the two tracts, by virtue of the levy of an execution in their favor against George and Bradford Brightman, on the 27th of May, 1829. The petitioners produced in evidence a copy of the writ, judgment, execution and levy, under which they claimed. They also produced the will of the grandfather of George and Bradford Brightman, which was proved in 1805, for the purpose of showing the interest which George and Bradford had in the premises at the time of the levy. The testator devises a farm, of which the two tracts above mentioned are a part, to his five grandsons, Edmund, Nathan, Henry, George and Bradford, in fee, subject however to a life estate in the whole devised to his son George, and in case Hannah, the wife of his son George, should survive her husband, then to a life estate in one third devised to her.

George, the son, died before the 2d of July, 1824. Hannah, his widow, is still living. Henry died in June, 1826, and his portion of the land descended to his mother, brothers and sisters, being ten in all.

The petitioners also produced in evidence an indenture, dated the 2d of July, 1824, between Henry, George, Bradford, Edmund and Hannah, their mother, by which one third of the farm was assigned to Hannah for her life. Also two deeds of quitclaim, dated the 17th of September, 1824, one from Henry, George and Bradford to Edmund, the other from Edmund to Henry, George and Bradford, by which deeds a partition of the farm was made between them, Henry, George

and Bradford taking their part together on the northerly side of the farm, and Edmund taking his part on the southerly side

William Ashley, one of the respondents, produced a deed, dated the 23d of October, 1823, by which Nathan Brightman conveyed all his estate under the will to Ashley.

The respondents objected to the quitclaim deeds, as incompetent to show either an assignment of one third of the farm to Hannah, or a division of the estate, inasmuch as they were not executed by all the devisees or their heirs or assigns, nor by all the tenants in common.

The respondents further contended, that the levy conveyed no title to the petitioners, inasmuch as it was made upon a part only of the estate devised.

The Court were to enter a nonsuit or default, or such other judgment as the facts would warrant.

*Oct. 25th.*

*A Bassett* and *Warren*, for the petitioners.

*Coffin*, for the respondents.

*April term
1839,
at Taunton.*

*Per Curiam.* The petitioners claim a part of the premises, under the levy of an execution thereon, against George Brightman and Bradford Brightman. One objection taken by the respondent is, we think, decisive. It appears that the petitioners levied their execution on the undivided interest of their debtors, in two parcels of land, described by metes and bounds, and constituting a part only of the estate devised to them as tenants in common. To allow and give legal effect to such alienation of the interest of a tenant in common in a part of the tenement thus held, either by deed or levy of execution, without the consent of the other co-tenants, would be to create new tenancies in common, in tracts and parcels of the estate held in common, to their injury, and is contrary to the rules of law. *Porter* v. *Hill*, 9 Mass. R. 34 ; *Bartlett* v. *Harlow*, 12 Mass. R. 348.

Various other questions arose, which it is unnecessary to consider.

*Petition dismissed.*