# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1840.
## AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY,

---

### Lyman Brown *vs.* Seth G. Bailey.

A clause added to a devise of a fractional part of certain land, that it is " to be taken by the devisee where he shall choose or select, at its just or proportionable value," does not constitute a condition precedent to the vesting of the estate devised ; but the devisee, on the death of the devisor, becomes tenant in common, with a right of selection, to be exercised or not, at his will.

Where a first attaching creditor made a levy, by metes and bounds, on the land of a tenant in common, who had the right of taking his share where he should select, and the part thus levied on was afterwards, on a process of partition, assigned to such tenant in severalty, at his request ; the levy was held to be valid against all conveyances and attachments subsequent to the first attachment.

WRIT of entry to recover three acres and one hundred and forty rods of land in Sandisfield.

The facts, on which the case was decided, were these : — Richard Chapell died on the 21st of February, 1825, having by his last will devised one fifth of his homestead to his son, Matthew S. Chapell, to be taken where said Matthew should " choose

or select, at its just or proportionable value, according to its quality," &c.   On the 24th of February, 1825, the demandant attached said Matthew's right and interest in said homestead, and having recovered judgment, levied his execution, on the 29th of March, 1828, upon the demanded premises, by metes and bounds.   Said premises are much less than one fifth of said Richard's homestead.   The residue of said Matthew's right and interest in said homestead was afterwards set off, by metes and bounds, upon executions that issued on judgments recovered against him by his other creditors.

In June, 1828, a petition for partition of the estate of Richard Chapell was preferred by D. Chapell, one of his sons, alleging that the petitioner was entitled to one fifth of said estate, and that the other four fifths belonged to four other sons of said Richard, viz. John, Seth, Richard, and Matthew S. Chapell. At the September term, 1830, of this court, partition of said estate was ordered, and commissioners were appointed to make partition, who were directed first to set off to Matthew S. from the homestead, in such place as he should select, so much as would satisfy his share, pursuant to the terms of his father's will. Said Matthew S. appeared before the commissioners, by his attorney, and they set off and assigned to him, in severalty, his share of said homestead, as selected by his attorney, including the demanded premises, and the other parts of the homestead which had been levied on by his other creditors, as above mentioned.   The report of the commissioners' said proceedings was accepted and ordered to be recorded, at the May term 1831.

The tenant claimed possession of the demanded premises under a demise from Hiram Baldwin, who defended this suit. Said Baldwin claimed title, *first*, under a release from Abner Sage, Jr., to whom Matthew S. Chapell, on the 2d of March, 1825, gave a deed purporting to convey all his right in the real estate devised to him by his father ; and *secondly*, under a levy of an execution, made on the 26th of July, 1831, upon a judgment against said Matthew S., recovered by T. Phillips, administrator, with the will annexed, of the estate of Richard Cha-

poll, and a deed of release to said Baldwin, purporting to be made by said Richard's heirs at law.

*Jones* and *G. J. Tucker*, for the demandant, cited the cases referred to in the opinion of the court, and argued therefrom that the levy was originally valid against the debtor and all persons claiming under him, and that by the partition it became valid against the cotenants.

*Bishop* and *Rockwell*, for the tenant. The demandant's levy was void, being made before the debtor had selected the part which he would take under the will. Such selection was a condition precedent to the vesting of the estate ; or if not a condition precedent, yet it was a right which the demandant could not acquire by attachment, and which the debtor by his deed to Sage, prior to the levy, had transferred with his title to the estate devised

A levy, by metes and bounds, on part of a cotenant's estate, has never yet been held to estop his other creditors. *Smith* v. *Benson*, 9 Verm. 138. [See also *Starr* v. *Leavitt*, 2 Connect. 243.]

SHAW, C. J. The question is upon the validity of the title acquired by the demandant by his attachment, and the levy of his execution upon the premises, as the estate of Matthew S. Chapell. The estate of Chapell was derived under the will of his father, Richard Chapell, giving him an equal share, being one fifth part, of his real estate, " to be taken where he shall choose or select, at its just or proportionable value." These words do not constitute a condition precedent to the vesting of the estate, but a right or privilege superadded to the devise, to be exercised or not, at the will of the devisee, upon partition. Consequently Matthew became entitled as tenant in common, under the devise, upon the decease of his father. Immediately after the decease of the devisor, and before the intervention of any other title or claim, this estate was attached by the demandant, and, if followed up by a valid levy, constituted a good title, eldest in time, and therefore prior in right.

The objection to the demandant's levy is, that it was a levy on a specific portion of the devised estate, by metes and bounds ; whereas it should have been levied upon the debtor's undivided

share in whole or in part. This would undoubtedly have been a valid and fatal objection, had it been made by any of the cotenants before partition, because it would be an encroachment upon their right to have partition of the whole tenement. *Porter* v. *Hill,* 9 Mass. 34. *Bartlet* v. *Harlow,* 12 Mass. 348. *French* v. *Lund,* 1 N. Hamp. 42. But as this rule is adopted for the protection of the rights of the other cotenants, it shall not be extended further than the accomplishment of that object requires ; and it is therefore held, that a conveyance of part by metes and bounds, by a cotenant, is not void, but voidable only by the other cotenants. And the same rule applies to a levy on part by metes and bounds, as the estate of a tenant in common, which is in the nature of a statute conveyance. *Varnum* v. *Abbot,* 12 Mass. 474. *Nichols* v. *Smith,* 22 Pick. 316. Such conveyance or levy, therefore, is good against the grantor and all claiming under him. If then the other cotenants release, or if upon a partition, their full shares are set off in other parts of the common estate, and the part conveyed or levied on is assigned to the party whose share has thus been conveyed or levied on by metes and bounds, such partition operates by way of estoppel and release, because no one has any longer a right to contest its validity. *Bartlet* v. *Harlow,* 12 Mass. 354. That is precisely the present case. After the levy, a partition was made, in which the premises levied upon by the demandant were assigned to his debtor, Matthew S. Chapell. This was done by the full consent of the latter, by which the right of choice, given to him by the will, was fully secured to him, and exercised by him.

The case then shows that the estate in common vested in the debtor on the decease of the devisor, and was first well attached by the demandant, as his creditor ; that the levy, made in pursuance of the attachment, was voidable only by the other cotenants ; that it was never in fact avoided by them, but on the contrary, by the partition, their claims were fully satisfied out of other parts of the estate, and from and after such partition, they were precluded from avoiding or contesting the demandant's title ; and that this title relates back to the attachment, and su-

22 *

persedes all subsequent conveyances and attachments, and is therefore valid and indefeasible.

*Judgment for the demandant.*