## THOMPSON & a. *vs.* BARBER.

Where several individuals were coparceners of various tracts of land—*Held*, that a creditor of either of the coparceners might attach the interest of his debtor, or any proportionate part thereof, in the various tracts, and set off the same in common and undivided with the other coparceners; but that he could not levy on the debtor's interest in any number of parcels less than the whole, as such levy had the effect, to that extent, of a partition of that portion of the estate, without due regard to the rights of the coparceners in the partition of the whole estate.

DEBT ON JUDGMENT.    The parties agreed to submit the action to the decision of the court on the following statement of facts : At the October term of the court of common pleas for this county, A. D. 1840, judgment was recovered by the plaintiff against the defendant, for the sum of $197·46, debt and costs, upon which judgment execution was issued, returnable at the April term of said court, A. D. 1841. On the 4th day of November, A. D. 1840, the execution was duly levied upon real estate of the defendant, situated in Winchester, in the county of Cheshire. The defendant was tenant in common with four others, heirs of Barber, their father, in four separate parcels of land, all situated in Winchester. The land descended to said five heirs on the death of their father, and the defendant's interest in the land was attached soon after the decease of his father.

The officer extended the execution upon an undivided fifth part of two parcels of land only, the same being appraised at a sufficient sum to satisfy the execution. The plaintiffs being apprehensive that the levy of said execution was insufficient and invalid, for the reason that the same was not extended upon all the parcels of land in which the tenant had an interest, as aforesaid, and such portion of the defendant's interest in said four parcels of land, appraised and set off, as would have satisfied the execution, caused the present suit to be brought, founded upon the judgment.

And it was agreed, if the court should be of opinion that

the levy of the execution is valid, judgment is to be rendered for the defendant, otherwise for the plaintiff.

*Handerson*, for the defendant, cited, as bearing on the question raised in this case, cited 9 *Mass.* 34, *Porter* vs. *Hill*; 21 *Pick.* 283, *Blossom* vs. *Brightman*; 12 *Mass.* 348, *Bartlett* vs. *Harlow*; 1 *N. H. Rep.* 42; 2 *Conn. R.* 244.

*Bennett*, for the plaintiff.

UPHAM, J.  Our statute, directing the mode of extending and levying executions upon real estate, provides that when execution shall be extended upon any real or personal estate, and it shall afterwards appear that such estate, or some part thereof, did not, at the time of such extent or levy, belong to the debtor, then in every such case the creditor, or his executors or administrators, may commence and sustain an action of debt on the judgment upon which such execution issued, and recover the amount which may, for the reason aforesaid, remain equitably due, and unsatisfied." *Laws N. H.* 103.

This suit is brought under this provision of the statute, from an apprehension that the levy made on land, in satisfaction of the judgment recovered against the defendant, is invalid.  Whether the levy is so or not, depends on the respective rights and interests of tenants in coparcenery, and the mode in which their interests must be, or may be, partitioned among each other.

It is clear that the interest of a co-parcener in land may be set off on execution, or any part of that interest.  This cannot be done, however, so as to prejudice the other co-parceners, or place them in any different position, or relation to their rights, than had previously existed.  The power of the creditor under his execution can, of necessity, be no greater over the estate of the judgment debtor, than existed in such debtor.  The mere circumstance that one coparcener is in debt, gives his creditor no greater or better claim,

or right to enforce it over the other coparceners of land, than the debtor originally had. The common rights of the other coparceners remain unaffected by any such circumstance.

What, then, are the rights of co-tenants in parcenery? When the co-tenancy exists merely in one tract of land, no difficulty would ordinarily arise in securing the interest of any co-tenant in the same, in behalf of his creditors. The difficulty is no greater, whether the interest extends through a variety of tracts of land within the state, except the greater labor of searching out and appraising such interest, or any portion of the entire interest as co-tenant in the several tracts; but this difficulty it is optional with the creditor to overcome, or not. It cannot be avoided.

It is clear, that where the interests of the coparceners extend to a variety of tracts of land throughout the state, no levy can be made by a creditor of any one co-parcener that shall limit or restrict the rights of the other co-parceners, in any of the privileges of partition, as provided by the statute. Have the rights of the other co-parceners, in this respect, been limited by this proceeding?

The statute provides that when any person or persons, interested with others in any real estate, shall petition the judge of probate for the county where such estate, or the greater part of the same, is situated, to have his or their share in such estate divided, he shall cause partition to be made, by warrant directed to three or more freeholders, which, on being allowed and approved by the judge of probate, shall be binding on all parties; and when the estate is so situated that it cannot be divided so as to give to each party his equal share therein, without great prejudice or inconvenience, the same shall be assigned to one of the petitioning parties, they paying to the other petitioners, or owners, who by such means shall have less than their share, such sum or sums of money as the committee shall award. 1 *Laws N. H.* 344. A similar mode of obtaining partition is provided by application to the superior court. In each of these statutes very

particular directions are given as to the notice to the co-tenants.

Such are the modes of partition pointed out by law ; and yet the effect of this levy is to cause a partition, to the extent of the land taken, without notice of any description to either of the other co-tenants, and in a manner which might in other respects be greatly to their prejudice.    On any other mode of partition the whole estate, consisting of various tracts of land, would be apportioned consistently with a due regard to the interests of the co-tenants in the entire property, and on a full hearing as to the whole subject matter.    By this levy a selection is made and a location fixed of the interest of one of the co-tenants in particular tracts, independent of any considerations as to the whole estate, or of the general interests of the other co-tenants ; and the creditor might in this manner control and direct as to a partition and rights of the debtor in the estate, in a manner totally different from what the debtor could at any time legally have done.    Such a doctrine would be entirely contrary to all principles governing the transfer of property by attachment and levy.    The creditor, by such process, never acquires a right beyond that which originally existed in the debtor.    The rights and title of other parties, so far as their interest is concerned, are never varied or abridged by such means.

The views here taken are fully sustained in numerous authorities.    10 *Co., Tooker's Case,* 68 ; *Cro. Eliz.* 803 ; 9 *Mass.* 34, *Porter* vs. *Hill ;* 12 *Mass.* 348, *Bartlett* vs. *Harlow ; Ditto* 474, *Varnum* vs. *Abbott ;* 14 *Mass.* 403, *Pond* vs. *Pond ;* 2 *Pick.* 443, *Cutting & a.* vs. *Rockwood ;* 24 *Pick* 329, *Peabody & a.* vs. *Minot & a.*

The levy must, therefore, be regarded as invalid against the other co-tenants, and there must be

*Judgment for the plaintiff.*