## Hunt v. Crowell.

An action for partition cannot be maintained without an averment that the parties are in possession as well as seized.

One tenant in common cannot convey to a stranger a specific lot or parcel of the land held in common.

Such a conveyance, though it would not pass the legal estate to the grantee, might operate as a transfer of an equitable interest, and as such be regarded and considered on final partition.

This was a suit for the partition of lands, and came on to be heard on complaint, answer, and reply.

From those proceedings, it appeared that William S. and James Hart, were seized in fee, as tenants in common, of twenty acres of land in Orange county. James Hart pretending to own the whole lot, conveyed the whole of it to Robert Crowell, who conveyed to the defendant, Beattie, the north half of the lot, and, after such conveyance, died, having made his will, whereby he devised to the defendant John Crowell,

one acre of the lot, to be taken from the west side thereof, and devised the rest of his interest to the other defendant, Benjamin Crowell.

*McKissock* for plaintiffs.

*Brown* for defendants.

*Edmonds, J.:* Two questions were presented on the argument. One was, whether plaintiffs could have a partition without averring that the respective parties were in possession, and the other was, whether, as the defendants were not seized as tenants in common with each other, though severally seized, in common with the plaintiffs, partition of the whole premises could be decreed in one suit, and if not, whether the complaint was not defective in joining, in one suit, two separate causes of action against different persons.

The want of an averment that the parties to the suit were in possession of the premises sought to be divided, is undoubtedly a defect in the complaint. The statute requires that they should not only hold in common, but that they should be in possession. (2 R. S. 317, § 1.)

This was a change in the law made by the Revised Statutes. Before that time the statute did not require the parties to be in possession, though it was intimated otherwise in the Court of Errors, in *Clapp* v. *Bromagham* (9 Cowen, 530), because as seizin imports possession, and the appropriate issue in partition is *non insimul tenent,* so the parties cannot be regarded as holding together unless their possession, as well as their titles, are in common. The judgment in partition does not change the possession, it merely determines the rights as to each other between the parties, hence an ejectment would be necessary to obtain possession. To remove these doubts and difficulties, our statute required that in all proceedings by petition for partition, the parties should possess, as well as hold, in common, and conferred on chancery the power to decree partition as given to the common law courts, and in

like cases. (2 R. S. 329, § 79.) Hence the complaint is defective in not averring possession, but it may be amended in that respect now, and I allow such an amendment on payment of the costs of the term.

The other objection is much more serious, and necessarily involves the question whether one tenant in common can grant during the joint holding any thing less than his entire interest, or any thing else than an undivided interest in the whole premises. For if he could be permitted to grant his interest in any particular part, and his grant could take effect, it would be virtually giving him his selection of the part of the premises to be allotted to him, and that maugre the will of his co-tenant. Thus in this case the co-tenant in one of his grants conveyed the north half of the lot, so that in order to render his grant effectual the north part must be allotted to him on partition. Hence it has been held (*Porter* v. *Hill*, 9 Mass. R. 34; *Bartlet* v. *Harlow* 12 Id. 348), that a co-tenant cannot convey any specific part of the land to a stranger. So that if the proceedings for partition were at law, the conveyance must be disregarded, or at least that there must be several writs of partition, inasmuch as the parties did not hold *insimul et pro indiviso*, and were not all interested in the same subject-matter of the partition. Equity, however, could give relief in such case, and in decreeing partition could have regard not merely to the legal rights of the original tenants in common, but to the equitable rights of those to whom had been conveyed an undivided interest in specific parts. So that as the grants are not good as conveyances of a legal estate, they are to be regarded as conveying the equitable interest of the grantor. Thus, if the north half of the lot shall be found to be exactly equal to, or greater in value than the south half, then Beattie is to be regarded as equitably entitled to the whole interest in the premises of the original tenant in common, James Hart. But if it shall be found to be less in value, then the surplus is to be allotted, one-tenth part thereof to John Crowell, and nine-tenths to Benjamin Crowell.

This would be conformable to the principle laid down in *Story* v. *Johnson* (2 Young & Collyer's Exchequer R. 586, in equity), and that principle can properly be applied here, because this is not a petition for partition at law, but a suit brought under the Code of Procedure, where the court is at liberty to apply to the subject-matter of it, both legal and equitable principles.

There will, therefore, be the usual decree for partition or sale of the premises if they are so situated that partition cannot be made, with particular directions as to the interests of the respective parties, agreeable to the views before stated.