The Chancellor.
The original hill filed in this canse charges John Coryell with a breach of trust, and prays that another trustee may be substituted in his place. It charges him with an intention to sell the trust property for the purpose of paying his own debts, and relieving himself from embarrassment. On filing the bill, an injunction issued restraining him from selling the trust property. A supplemental bill has been filed, charging that, after the granting and service of the injunction, Coryell sold and conveyed the trust property to George A. Kohl. The only question before the court now is, as to the disposition to be made of the deed from Holcomb to Kohl.
1. It is insisted, that the deed is inoperative and void because it conveys by motes and hounds, and that the trustee, being tenant in common, has no right to convey in severalty. The trustee, with several others, were tenants in common of a large tract of land. The trustee conveyed five acres of it, by metes and bounds, to the defendant, Kohl. The only authority relied upon for the position taken is Greenleaf’s Cruise, § 410. How it is very-true that one tenant in common cannot prejudice his co- *550 tenants by a conveyance of a part of the land by metes and bounds. Such a deed cannot give to the grantee the exclusive title to the portion conveyed, any more than the co-tenant, who is the grantor, can select any particular part of the land, and appropriate it as his exclusive moiety. But as against the grantor, and those claiming under him, the grant is good. They are estopped by it. The co-tenant cannot complain of it, unless when it operates to his prejudice; and then his rights will be protected. Porter v. Hill, 9 Mass. 34; Bartlet v. Harlow, 12 Mass. 348; Varnum v. Abbott et al., 12 Mass. 475; 2 Ohio 113. In this case there is no such complaint. There has been a partition, and the part sold by the trustee has been allotted to him as part of his portion. The co-tenant has no longer any interest in the portion, and certainly no court will permit the grantor to come in and repudiate liis own deed.
2. It is insisted that the deed was made in violation of the injunction. This is denied by both Iiolcomb and Kohl in their answers. The allegation, however, is fully sustained by the testimony of several witnesses. It is proved that the injunction .was served on both of them prior to the completion of the conveyance. Kohl was not a party to the suit, but the complainant, hearing that he was in negotiation for the property, thought it prudent to serve him with a copy of the injunction. He said, at that time, that he had no deed, but that he had bargained for it, and expected to get it. This was said by him after the sheriff had explained to him why he served the injunction upon him, and that it was to prevent him from taking a deed for the lot. A copy of the deed is produced, and it appears to be dated on the 13th of March, three days before the service of the injunction, which was on the 16th of March, while the acknowledgment bears date the 17th of March, the day after. The proof of the service of the deed, made by Alexander Coryell, the subscribing witness to it, some time after its acknowledgment, only makes *551 the fraud the more apparent. The whole evidence proves conclusively a contrivance, by all parties concerned, to evade the injunction of the court. It was not only a violation of the rights of the complainant, but an attempt to commit a fraud upon the court. This ground is sufficient to avoid the deed.
3. This deed must be set aside, because it is in violation of the trust, and was executed under circumstances to impute, both to the grantor and grantee, a design to defraud the cestui que trust. The cestui que trust is an infant. The trustee held the property upon the trust to sell the laud, if ho thought best, and invest the proceeds. The trustee was embarrassed. There were judgments and executions against him. He was charged with the fraudulent design and intention of selling the trust estate, and appropriating the proceeds to the payment of his individual debts. This court had issued its injunction to prevent the contemplated fraud. Kohl had full knowledge of the trust, for it was on the face of the deed which vested the title in the trustee. Under these circumstances, he takes a deed from the trustee; pays six hundred dollars to the sheriff upon an execution against the trustee; and gives to the trustee, or to his son, a promissory note for the balance without any security. The trustee and his grantee are both guilty of fraud, and must be dealt with as fraud doers by this court.
The deed must be set aside with costs, and Kohl must convey to such trustee as shall hereafter be appointed to execute the trust. Such conveyance is not necessary; but there is a convenience in it. It makes the record clean.