IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

BRADSHAW
v.
CALLAGHAN.

————◆————

WILLIAM BRADSHAW, JOHN
BRADSHAW, jun. and MA-
RY BRADSHAW, who are
impleaded with JOHN BRAD-          }          *Plaintiffs in error,*
SHAW and NANCY CROTH-
ERS, an infant, by KENNETH
GORDEN, her guardian,

*against*

PATRICK CALLAGHAN and          }          *Defendants in error.*
ANN his wife,

In a *petition* for a *partition*, under the statute, it is not necessary to set forth the rights and titles of the several tenants, at large; nor is it necessary to allege the seisin of the ancestor or person from whom the parties derive title; but it is sufficient to state, in

THIS case came before this court, on a writ of error, from the supreme court, on a judgment in *partition.*

From the record it appeared, that the defendants in error presented their petition, under the act for the partition of lands, to the supreme court, in which they stated; " that *James Bradshaw,* late of *Charlton,* in the county of *Saratoga,* and state of *New-York,* deceased, was before and at the time of his death, to wit, on the 20th day of *April,* 1786, seised of an estate in fee of

general terms, that each tenant was seised of his part or share, in fee, or as the case may be, whether such seisin be acquired by descent or purchase.

A tenant in common of the inheritance, may maintain partition, notwithstanding a particular estate is outstanding. And where a partition was made among several heirs, assigning to each his portion of lands, by metes and bounds, but excepting from each portion one third thereof, as the dower of the *widow* of the ancestor, it was held valid.

The statute relative to partition does not extend to a tenant in dower; but the estate may, nevertheless, be divided among the other tenants, and a partition, so made, is good, though the dower of the widow is excepted and left undivided.

A widow's dower, not being within the purview of the act, her rights cannot be affected by the partition, nor is she liable for any part of the costs and expenses of making the partition.

Where some of the defendants in the court do not join in bringing the writ of error, it *seems* that they ought to be summoned and severed.

A judgment may be affirmed in part, and reversed in part.

and in a certain lot or parcel of land, situate, lying and being in the town of *Charlton*, in the county of *Saratoga* aforesaid, bounded on the north by the highway leading from *Charlton* to *Ballston*, on the east by the highway leading to *Schenectady*, on the south by a lot of ground of *Abraham Northrup*, and on the west by lots of ground of *Joseph Brown*, Esq. *Lucumus Hillers* and *John Holme*, jun. containing 200 acres: and that the said *James Bradshaw*, on the 20th day of *April*, 1786, died intestate, leaving a widow and issue, without having made any disposition, distribution or division of the said premises, and which said widow, as tenant in dower, is entitled to the one third part of the said premises, for the term of her natural life : and that the petitioners, together with *William Bradshaw*, *James Bradshaw*, *John Bradshaw*, *John Bradshaw*, junior, *Mary Bradshaw* and *Nancy Crothers*, a daughter of *Mary Crothers*, the wife of *James Crothers*, and who was one of the daughters of the said *James Bradshaw*, deceased, are seised of an estate in fee, as tenants in common, and owners of the premises herein before mentioned, in the respective proportions following, that is to say, the said *Ann*, the wife of the said *Patrick Callaghan*, and one of the daughters of the said *James Bradshaw*, deceased, in one equal undivided eighth part of the said premises, and the said *Patrick Callaghan*, as the purchaser of the share of *James Bradshaw*, junior, one of the sons of *Peter Bradshaw*, deceased, also one of the children of the said *James Bradshaw*, deceased, and of *Nancy*, widow of *James*, a daughter of the said *Peter Bradshaw*, deceased, and of *Sally Bradshaw*, also one of the daughters of the said *Peter Bradshaw*, deceased, and of *Margaret Fitzsimmonds*, wife of *Robert Fitzsimmonds*, also one of the daughters of the said *James Bradshaw*, deceased, and of *Jane Losie*, the wife of *Henry Losie*, one of the daughters of *George Bradshaw*, deceased, also one of the children of the said *James Bradshaw*, de-

IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

BRADSHAW
v.
CALLAGHAN.

IN ERROR.
......
ALBANY,
Feb & March,
1811

BRADSHAW
v.
CALLAGHAN.

ceaseed, and of *Margaret Comstock*, the wife of *Stephen Comstock*, also a daughter of the said *George Bradshaw*, deceased, and of *George Bradshaw*, son of the said *George Bradshaw*, deceased, and of *Elizabeth Nichols*, wife of *Isaac Nichols*, also one of the daughters of the said *George Bradshaw*, deceased, of two undivided eighth parts, and two thirds of an eighth part of the said premises ; and the said *James Bradshaw*, *John Bradshaw* and *Nancy Crothers*, respectively of an undivided *eighth* part thereof, and the said *William Bradshaw*, of one undivided eighth part thereof, and as the purchaser of the share of *James Bradshaw*, one of the sons of *George Bradshaw*, deceased, one of the children of the said *James Bradshaw*, deceased, also the undivided sixth part of an eighth part thereof ; and the said *John Bradshaw*, junior, as the purchaser of the share of *Mary Wilson*, the wife of *Andrew Wilson*, one of the daughters of the said *George Bradshaw*, deceased, of an undivided sixth part of an eighth part thereof," &c.

On affidavit of due notice to the parties, a judgment by default was entered, and commissioners appointed to make partition, pursuant to the directions of the statute. By the partition, each share of the parties, except *Mary Bradshaw*, the plaintiff, is set forth by metes and bounds, excepting and reserving out of each share, one equal third part thereof, to be taken from a particular part of such share allotted, in severalty, as the dower of *Mary Bradshaw*.

No cause being shown against the partition, it was confirmed by the court, and the parties were adjudged to pay their respective proportions of the costs ; and, among the rest, *Mary Bradshaw*, the tenant in dower, was directed to pay *Patrick Callaghan* and his wife 80 dollars and 96 cents, being the proportion of the whole costs and charges, attending the partition, according to her right in the land, &c.

The errors assigned were ; 1. That the plaintiffs below have not set forth, in their petition, the rights and titles of all the tenants in common therein named.

2. That it is not set forth in the said petition, that the several persons named therein, as the children and grandchildren of *James Bradshaw*, deceased, were, at the time of presenting the said petition, or of the several purchases therein mentioned, the only children and grandchildren of the said *James Bradshaw*, deceased.

3. That it is not set forth, in the said petition, that the several purchases therein mentioned were, at the time of presenting the said petition, consummated by legal conveyances, from the vendors to the purchasers.

4. That in setting off, and allotting the shares of each of the several tenants in common, in the said petition, and in the record aforesaid named, one third part thereof was excepted, as and for the dower of *Mary Bradshaw*, the widow of the said *James Bradshaw*, deceased; which third parts so excepted, are yet undivided.

5. That the partition is not conformable to the judgment, or award of partition.

6. That although certain portions of the shares allotted to each of the tenants in common are excepted, as and for the dower of the said *Mary Bradshaw*, the widow of the said *James Bradshaw*, deceased, no specific share has been allotted or awarded to her, as her dower.

7. That judgment is notwithstanding rendered against the said *Mary Bradshaw*, for the full third part of the costs, charges and expenses of the said partition, and against the other plaintiffs, for their several proportions of the residue of the said costs, charges and expenses.

As the cause was argued in the absence of the reporter, the arguments of the counsel are, necessarily, omitted.

THE CHANCELLOR. The writ of error, in this cause,

IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

BRADSHAW
v.
CALLAGHAN.

has brought up from the supreme court a judgment in *partition*.

As to the *first* error assigned. At common law, co-parceners only could have writ of partition. They were held to be in the estate, on the seisin of their ancestor, and all the *coparceners*, collectively, constitute one heir. (*Co. Litt.* 131.) Hence it was deemed essential to set forth the seisin of their ancestor, under which they derived their right, as well to entitle them to the writ, as to show their respective proportions. The statute of 31 *Hen.* VIII. c. 1. extended the remedy to tenants in common and joint tenants, and in that statute, *rights*, *title*, and *interest* are used as *synonyma.*

Our statute directs, that the party applying for partition, shall set forth the *rights* and *titles* of all the parties; and this, it has been contended, imposes it on the party applying for partition, to set forth the right and title *at large*, of all the parties to the suit.

This statute must receive its construction from the terms in which it is conceived, expounded by the ordinary use to which those terms, in legal phraseology, are applied. If that application has been uniform and durable, it will certainly aid in ascertaining the intent of the statute.

In an action for an *annuity*, it is not necessary to set forth the title and estate of the grantor, but only that he did grant it. (*Heath's System of Pleading*, 5. *Co. Litt.* tit. *Annuity*, 49.) In *replevin*, a defendant may *avow*, as tenant to *I. S. who was seised*. (*Noy*, 70.) A *feoffee* may plead that *A.* was *seised*, and did enfeoff him. (*Heath's System of Pleading*, 80. 18 *Edw.* IV. 1. 26.) In *ejectment*, seisin and a descent cast are, *prima facie*, evidence of right. In an action for a *rent-charge*, the form of deducing the defendant's privity is, that the premises on which the rent was reserved, came to his hands *by assignment*, without showing how; and in *ejectment*, the proof that the defendant

holds under the same title with the lessor, entitles him to commence his deduction from the common source.

IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

BRADSHAW
v.
CALLAGHAN.

When *partition* could only be had by *coparceners*, they were *conusant* of each other's right; and thus *privity* attached with, and constituted, an essential part of their estate. It is not so with tenants in common. They have a unity of interest, but may be in by totally different titles. All that the petitioners were bound to maintain, as to the defendants, was, that they held with them, as tenants in common, the proportion of the estate described in their petition.

In analogous cases, it does not require that the title should be spread on the record. The words of the statute may as well be satisfied, by alleging the seisin of all the parties, of their different portions simply, which constitutes their title, as if it were traced from the state or the crown. It would be surcharging the record with useless matter, and impose on the plaintiff in partition, in all cases, a hazardous, and, in many cases, an impracticable task, to compel him to set forth his title beyond his own seisin, as he must do it correctly, or fail in sustaining his action. The general allegation of seisin, I therefore think, was well enough.

As to the second error assigned. If my reasoning on the first point is correct, it concludes to this; for if the allegation that *James Bradshaw*, the ancestor, was seised, was not essential to the maintenance of the action, then it is surplusage, and may be rejected as such, and of course, cannot vitiate. The partition may be maintained on the seisin of the parties generally; and that is alleged with sufficient certainty.

So as to the third point, as to purchasers; for whether acquired by descent or purchase, is perfectly immaterial, if the seisin entitles the party to maintain a writ of partition.

As to the fourth and sixth errors assigned, it is apparent from the record, that the dower of the widow was left in *statu quo*. That she is not included in the

*IN ERROR.*

*ALBANY,*
*Feb & March,*
*18 1.*

*BRADSHAW*
*v.*
*CALLAGHAN*

description of joint tenant, tenant in common or copar-
cener, to which classes *only* the statute extends is cer-
tain. She is of consequence not affected by the parti-
tion. She holds by title paramount, and the partition
was confined to the inheritance only ; and so was the
opinion of the supreme court, (5 *Johns. Rep.* 80.) that
the partition was no bar to her recovery. The dower,
therefore, affected every part of the land equally. So in
*England,* the word *tenet,* in a writ, always implies te-
nant of the frechold ; and if one be disseised by ano-
ther, no writ of partition lies. (*Vin. Abr.* tit. *Partition,*
(S.) pl. 2.) So when *dower* was brought against seve-
ral purchasers, the court directed them to be charged
proportionally ; *Freeman,* 227. pl. 234.) for, in equity,
they must be equally charged, and a writ of dower
will lie against a tenant in common, before partition
made. (3 *Lev.* 84.)

It appears to me, from these authorities, and the
general doctrine respecting partition, that a tenant in
common of the inheritance may maintain partition, not-
withstanding a particular estate is still outstanding.
The actual assignment of dower might have required
a different modification among the parties to the parti-
tion, had the assignment preceded it. But here it
must have been subsequent, and when the partition was
made, it was uncertain whether it would ever be de-
manded. If it was, it might be a question, whether
all the parties holding under such partition could be
included in one *præcipe.* If they could not, each must
respond only for the portion he held. If they could,
and the assignment affected their interests, unequally,
they had a remedy in chancery.

The fifth point went to the exclusion of *Mary Brad-*
*shaw's* share ; the omission of which, it was alleged, was
not conformable to the judgment or award of partition.
The judgment and award are, however, complete, as to
the parties who held the inheritance, and severs their

rights, subject to the dower, and within the foregoing reasoning.

IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

BRADSHAW
v.
CALLAGHAN.

As to the seventh error; the judgment against *Mary Bradshaw*, for the one third of the costs, is clearly erroneous; for as her rights were not affected by it, she could not be subject to costs; and it may well be doubted whether she was a necessary party at all. It has been attempted to be shown, by affidavit, read without notice to the opposite party, that she has died during the pendency of this suit in error. In *England*, the death of a tenant does not abate a suit in partition. Here, it may be otherwise; but the fact has not been regularly brought up, and it cannot be necessary to examine it. This, however, only affects a part of the judgment; and this court are required not only to reverse an erroneous judgment, but to render such a judgment as the court below ought to have done. In this case, if the judgment with respect to *Mary Bradshaw* should be deemed erroneous, and if this affected the whole judgment, so as legally to impose it on the court to reverse it, or so to modify it, *in toto*, as to render a judgment according to the rights and justice of the case, it must affect all the parties to the suit below, all of whom are not here; for, to render complete justice, the judgment of the court ought to exempt the widow from the payment of the costs adjudged against her; and to apportion it among the other parties in proportion to their several interests. But *James Bradshaw* and *John Bradshaw* were also defendants in the court below, who, it seems to me, as they have not joined, ought to have been summoned and severed; for if that is not the rule, the plaintiff in the court below, though the judgment should be affirmed, might be harassed and delayed by several successive writs of error. (2 *Bac. Abr.* 461.) But so far as respects the costs adjudged against *Mary Bradshaw*, she and the defendants are the only persons interested; for the judgment is, " that the said *Mary Bradshaw* pay to the said *Patrick Callaghan* and

IN ERROR.
.....
ALBANY,
Feb. & March,
1811.

*Ann* his wife, eighty dollars and ninety-six cents, being the proportion of the whole costs and charges attending the partition aforesaid, according to her right in the lands and tenements aforesaid."

That a judgment may be reversed in part, and affirmed in part, where different matters of the judgment are distinguished, is clear. (4 *Burr.* 2021. 1 *Str.* 188. 2 *Str.* 934. 1 *Salk.* 312.) Here there is a distinct judgment; and I am, accordingly, of opinion, that the judgment, as to the costs, adjudged against *Mary Bradshaw*, be reversed, and that the plaintiffs, as to the residue, go without day.

This being the unanimous opinion of the court, it was thereupon ORDERED and ADJUDGED, that the judgment of the supreme court be reversed, so far forth as respects the costs thereby adjudged to be paid by *Mary Bradshaw* to the said *Patrick Callaghan* and *Ann* his wife, and that as to the residue of such judgment, that the plaintiffs go thereof without day; and that the record be remitted, &c.