## PROWITT v. CITY OF DENVER.

INTOXICATING LIQUORS—SALE BY DRUGGIST—MEDICAL PURPOSE.
Where a city ordinance made it unlawful for any person to sell intoxi-
cating liquors without a license, but provided that it should not ap-
ply " to the selling or giving away of intoxicating or malt liquors by
any druggist upon the prescription of a reputable physician and for
medical purposes," a sale by a druggist for medical purposes with-
out a physician's prescription was within the proviso and was not
unlawful.

*Appeal from the County Court of Arapahoe County.*

Messrs. TALBOT, DENISON & WADLEY, for appellant.

Mr. F. A. WILLIAMS, Mr. G. Q. RICHMOND and Mr.
BROOKS E. SHELL, for appellee.

THOMSON, P. J., delivered the opinion of the court.

The appellant was tried and convicted upon a charge of
violating the provisions of an ordinance of the city of Den-
ver, section 1 of which reads as follows :

" That it shall be unlawful for any person not having a
license to open or keep a dram-shop, saloon or tippling-house,
to sell or give away by himself or another, either as principal,
agent, clerk or servant, directly or indirectly any intoxicat-
ing or malt liquors within the corporate limits of the City of
Denver, whether such liquors be in bottles, jugs, kegs, bar-
rels or any other vessel, receptacle or thing, in any quantity
less than one gallon, without first having obtained a license
therefor, as provided by this ordinance ; provided, that this
section shall not apply to the selling or giving away of in-
toxicating or malt liquors by any druggist upon the prescrip-
tion of a reputable physician and for medical purposes."

The agreed facts were that on the first day of August, 1895,

the defendant sold a quantity of intoxicating liquor, less than a gallon, for medical purposes, but without the prescription of a physician, and without having a dramshop, saloon or tippling-house license.   The only question in the case is whether his act constituted a violation of the ordinance.   The prohibition of the ordinance, which, in its terms, is general, and, without a qualifying clause, would include all persons, is limited by a proviso that it shall not be applicable to a druggist selling intoxicating liquors upon the prescription of a reputable physician, and for medical purposes.   The construction to be given to this proviso is determinative of the question presented.

It is contended in behalf of the city that to escape a charge of violating the ordinance, a druggist selling a less quantity of liquor than a gallon, without a license, must act upon the prescription of a reputable physician, and, in addition, must make the sale for medical purposes; that a prescription alone is not enough, and a sale for medical purposes, without more, is not enough, but that there must be a concurrence of both.   It must be conceded that if counsel have rightly construed the language of the proviso, the defendant was guilty; and we think it also true that a violation of the ordinance in this case can be predicated upon no other construction.

A legal enactment must be so construed as to give effect, if possible, to every portion of it, and to avoid the rejection of any part as surplusage, or as a repetition of a provision already made; and the fact that a given construction operates to render a sentence or a phrase redundant, furnishes a strong argument against that construction.   *Dearborn v. Brookline*, 97 Mass. 466; *People v. Burns*, 5 Mich. 114; *Gates v. Salmon*, 35 Cal. 576.   Applying this rule to the proviso under consideration, we think that counsel in their interpretation of its language have gone astray.   A physician is one qualified and authorized to prescribe remedies for diseases.   He gives prescriptions for medical purposes; and a sale of liquor upon a prescription given by him, is a sale of

liquor for medical purposes. If the words, "and for medical purposes," were intended as a qualification of the words, "prescription of a reputable physician," they are superfluous and useless. Every prescription of a reputable physician is for medical purposes; and upon counsel's theory of the meaning of the proviso, the words, "and for medical purposes," are redundant. We cannot suppose that the legislative body which enacted the ordinance intentionally gave expression to a useless repetition. We are bound to presume that the words were intended to mean something, and it is our duty to discover, if we can, what their meaning is.

The general prohibition of the ordinance, which, without qualification, would apply to all persons, is, by the proviso, made inoperative as against druggists without license, upon a certain specified condition. That condition, as we interpret it, is that sales of liquors by them shall be for medical purposes only. A druggist may sell liquor for medical purposes either with or without a prescription. The difference between the effect of a sale made in one way, and the effect of a sale made in another, consists in the kind of proof necessary to show that the sale was lawful. If a prescription is produced, it is not incumbent upon the druggist to inquire further. That is all the evidence he needs that the liquor is required for medical purposes; and, it, without more, will protect him against a prosecution for making the sale. But if there is no prescription, then to escape the consequences of a sale of liquor made by him, he must be able to make it appear in some other way that he sold the liquor for medical purposes; and if he does so, and his proof is satisfactory, he must be adjudged guiltless. Our construction of the proviso is that he may sell liquor for medical purposes, but that before making a sale he must satisfy himself, either by the prescription of a reputable physician, or otherwise, that the liquor is required for medical purposes. This in our opinion is not a strained construction, and it gives effect to every portion of the proviso, whereas the construction contended for would make part of the language practically meaningless.

It is admitted that the sale for which this prosecution was instituted was made for medical purposes; it was, therefore, not within the prohibition of the ordinance, and the judgment of conviction must be reversed.

*Reversed.*